UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Christopher M. Russell,                                Case No. 3:16-cv-02200

    Plaintiff

v.                                                     MEMORANDUM OPINION
                                                       AND ORDER

Management and Training Corporation.,
dba North Central Correctional Complex,

    Defendant


**BACKGROUND AND HISTORY**

*Pro se* Plaintiff Christopher M. Russell filed this action under 42 U.S.C. § 1983 against Management and Training Corporation, which owns and operates the North Central Correctional Complex. In the Complaint, Plaintiff contends the Defendant did not do enough to help him recover personal property stolen by other inmates. He asserts violations of his Eighth and Fourteenth Amendment rights, and seeks monetary damages.

Plaintiff's Complaint does not contain much factual detail. He indicates his fan was stolen on May 16, 2014. His MP3 player was stolen on May 22, 2014. Plaintiff filed theft/loss reports. He contends prison personnel did not conduct a thorough search of the surrounding dormitory cubicles for his missing property. He asserts the Defendant was deliberately indifferent to the thefts in

violation of the Eighth Amendment. Furthermore, he contends he was deprived of property without due process in violation of the Fourteenth Amendment.

## STANDARD OF REVIEW

I am expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if I conclude that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**ANALYSIS**

Plaintiff fails to state a claim for violation of his Eighth Amendment rights. Pursuant to 28 U.S.C. § 1997e(e), "[n]o federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* Citing this provision, the Sixth Circuit repeatedly has held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded absent a showing of physical injury. *See e.g., Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004); *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug.24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *2 (6th Cir. June 7, 2001). Plaintiff does not allege he suffered any physical injury. The alleged thefts of Plaintiff's fan and MP3 player clearly do not constitute "physical" injuries.

Furthermore, the Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes, by ensuring that the punishment is not "barbarous" nor contravenes society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). It protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Id.* at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners cannot "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement

which constitute health threats, but does address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff claims the Defendant failed to adequately investigate his reports of theft of his personal property by other inmates. While these actions may be frustrating, they do not threaten Plaintiff's immediate health or safety. This is not sufficiently serious to meet the objective component of an Eighth Amendment claim.

Plaintiff also fails to state a claim for denial of due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the

4

fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty, or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

To state a claim for denial of procedural due process, Plaintiff must plead and prove either he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the Defendant deprived him of property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt v. Taylor*, 451 U.S. 527, 537 (1981). Plaintiff is not challenging an established state procedure, statute, or local ordinance. He therefore must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. A remedy is available in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). He has not demonstrated that this state remedy is inadequate. He therefore has not stated a claim for denial of procedural due process.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915A. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge